# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARGARET E. SAGER, II, *et al.*, <br>     Plaintiffs, <br> vs. <br> DETECTIVE SOUTHWELL, *et al.*, <br>     Defendants. | Case No. 2:13-cv-01235-RCJ-CWH <br><br> **FINDINGS AND RECOMMENDATION** |

This matter was referred to the undersigned Magistrate Judge on Plaintiffs' Application for Leave to Proceed *In Forma Pauperis* (#1), filed on July 10, 2013.

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court in addition to a new $50 administrative fee, effective May 1, 2013, for a total of $400. The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that [s]he is unable to pay such costs or give security therefore." 28 U.S.C. § 1915(a).

One of the plaintiffs, Margaret E. Sager II ("Margaret"), submitted the affidavit required by § 1915(a) to show that she is unable to prepay fees and costs or give security for them. In her Application to Proceed *In Forma Pauperis*, Margaret reports that she receives income form disability or worker's compensation payments in the amount of $780 per month. Additionally, Margaret indicates that she has no regularly monthly expenses or debts and other financial oblications. Based on this information, the Court finds that Margaret's income is sufficient to pay the filing fee in this case. *See Ross v. San Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to proceed *in forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried significant debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in

1  Supplemental Security Income and had received a $10,000.00 judgment and owned a van valued at
2  $500.00) (*citing Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of
3  indigency insufficient to establish indigency where both employed plaintiffs earned less than $350);
4  *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to
5  show indigency where poverty level in Michigan was $6,620 per year)**;** *In re Fontaine*, 10 B.R. 175,
6  177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother
7  to whom she paid $25 per week); *Rucker v. County of Santa Clara*, 2003 WL 21440151 (N.D. Cal.
8  June 17, 2003) (sufficient showing of indigency where plaintiff received $748.42 per month, and that
9  amount was exceeded by his outstanding monthly expenses and debt)).

10  Margaret's income far exceed her expenses.  Accordingly, the Court finds that Margaret has not
11  satisfied the indigency requirement of 28 U.S.C. § 1915(a)(1) and she is able to pay the costs of
12  commencing this action.  Having concluded that Margaret is not entitled at this time to proceed *in*
13  *forma pauperis*, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which
14  requires the dismissal of the case at any time if the Court determines that it is frivolous or malicious or
15  fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who
16  is immune from such relief.  The Court also notes that the other plaintiff, Margaret's son, Victor James
17  Albanese ("Victor"), failed to file a financial affidavit.  Margaret's Application indicates that he is not
18  dependant on her for support.  Without a financial affidavit from him, the Court is unable to find that
19  Victor can proceed *in Forma Pauperis*.  Accordingly, the Court will order that the Plaintiffs submit the
20  required filing fee or it will recommend dismissal of this action.

21  In addition, the Court notes that Plaintiffs have previously filed another case, 2:13-cv-369-
22  MMD-VCF.  If Plaintiffs submit the required filing fee in this case, they should submit a new
23  Complaint that specifies how the relief requested is different from that requested in the previously filed
24  case.

25  Based on the foregoing and good cause appearing therefore,

**RECOMMENDATION**

27  **IT IS RECOMMENDED** that Plaintiffs' Application to Proceed *in Forma Pauperis* (#1) be
28  **DENIED**.  Plaintiffs should be required to pay the filing fee of $400.00 within thirty days from the date

that an Order denying Plaintiff's Application is entered. Failure to comply with that Order will result in the Court recommending dismissal of this action.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 15th day of July, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**