# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Margaret Sager, et al. | |
| Plaintiff, | Case No. 2:13-cv-1235-JAD-CWH |
| v. | Order of Dismissal |
| Detective Southwell et al., | |
| Defendants. | |

This is a civil rights action purportedly brought by Victor Albanese and Margaret Sager against five Las Vegas Metropolitan Police Department detectives. Doc. 1-1. The action was brought in conjunction with Sager's application to proceed *in forma pauperis*. Doc. 1. The Magistrate judge recommended denial of the application on July 15, 2013, Doc. 2, and Sager filed a second application, Doc. 4, which offered no new information, and the Magistrate Judge again recommended denial of the application. Doc. 6. No objection was filed. On November 15, 2013, this Court adopted the Magistrate's Report and Recommendations, denied the motion to proceed *in forma pauperis*, and ordered Plaintiff to pay the $400.00 filing fee by December 15, 2013, cautioning the Plaintiff "that failure to pay the filing fee within 30 days of th[at] Order may result in the dismissal of this action." Doc. 11. The allowed time period has now expired, and Plaintiffs have not paid the filing fee or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "in the exercise of that

1  power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson*
2  *v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,
3  based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply
4  with local rules.  *See, e.g. Pagtalunan v. Galaza,* 291 P.3d 639, 643 (9th Cir. 2002) (dismissal of
5  habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a
6  court order)*; Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with
7  local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal for failure to
8  comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41
9  (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court
10 apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for
11 failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
12 (dismissal for failure to lack of prosecution and failure to comply with local rules).

13      In determining whether to dismiss an action for lack of prosecution, failure to obey a court
14 order, or failure to comply with local rules, the court must consider several factors: (1) the public's
15 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
16 of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
17 (5) the availability of less drastic alternatives.  *Pagtalunan*, 291 F.3d at 642; *Thompson*, 782 F.2d at
18 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
19 *Ghazali*, 46 F.3d at 53.

20      The Court finds that the first two factors—the public's interest in expeditiously resolving this
21 litigation and the Court's interest in managing the docket—weigh in favor of dismissal.  The third
22 factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of
23 injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or
24 prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
25 factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the
26 factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to
27 obey the court's order will result in dismissal satisfies the "consideration of alternatives"
28

requirement. *Pagtalunan*, 291 F.3d at 643; *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring petitioner to pay the filing fee expressly warned Plaintiffs that the failure to timely pay the filing fee may result in dismissal. Doc. 11 at 2. Thus, petitioner had adequate warning that dismissal would result from noncompliance with the Court's order.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** based on Plaintiffs' failure to pay the filing fee in compliance with this Court's order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated this 14th day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE