UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Margaret E. Sager, II, et al.,

Plaintiffs

v.

Michael Johnson, et al.,

Defendants

Case No.: 2:13-cv-1235-JAD-CWH

**Order Denying Motion for Reconsideration [Doc. 15]**

On January 14, 2014, I ordered *pro se* plaintiffs Margaret Sager and Victor Albanese's complaint dismissed for their failure to pay the $400 filing fee, and I entered judgment in favor of all defendants.[1] More than fifteen months later, on April 1, 2015, plaintiffs filed a document that I liberally construe as a motion for reconsideration of my order of dismissal and entry of judgment.[2] They argue that they are terrorized every night and that Sager is the victim of a conspiracy "involving 911, President Obama and the world around you and I."[3] Plaintiffs claim this state of affairs is "very provable with evidence is abundance," and that I should "take a look at [her] so called filed records."[4] Plaintiffs request a court date.[5]

Although the federal rules do not expressly provide for motions for reconsideration such requests are commonly entertained under Federal Rule of Civil Procedure 59(e) and 60(b).[6] The

---

[1] Docs. 12, 13.

[2] Doc. 15.

[3] *Id.*

[4] *Id.* (spelling in original).

[5] *Id.*

[6] Rule 59(e) governs judgments, and Rule 60 applies generally to all orders. A request under Rule 59 must be brought within 28 days of judgment, Rule 59(e); a party has one year to bring a request for reconsideration under Rule 60(b)(1)-(3).

1

district court may grant relief from a judgment or order under Rule 60(b)(4) if the judgment is void, and under Rule 60(b)(5) if, *inter alia*, "applying it prospectively is no longer equitable." Finally, under Rule 60(b)(6), a court may provide relief from a final order for "any other reason that justifies relief."[7] Courts use Rule 60(b)(6) sparingly; to receive relief under the residual provision in FRCP 60(b)(6), a party must demonstrate "extraordinary circumstances."[8]

Plaintiffs' challenge fails on all fronts. They provide no evidence of any wide-ranging "conspiracy," or explain how their allegations impact the validity of the judgment or make it inequitable to apply the judgment prospectively. I find no other good reason to set aside the order and judgment.

## Conclusion

Accordingly, it is hereby ORDERED that the Motion for Reconsideration **[Doc. 15]** is **DENIED**.

DATED May 12, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[7] *Id.*

[8] *Greenwalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir. 1997).

2